# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. 12-CR-0031-CVE |
| BENJAMIN JACKSON MUNKHOLM, | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

This matter comes on for consideration of defendant's sealed motion (Dkt. # 10). Defendant requests at least a 30 day continuance of the pretrial and jury trial for the reasons stated in his sealed motion. Defendant has executed a waiver of his right to a speedy trial, but the waiver does not specify the amount of time for which he waives this right. Dkt. # 11. To avoid construing defendant's waiver as an impermissible open-ended speedy trial waiver, the Court will consider the waiver in light of defendant's motion and assume that he is waiving his right to a speedy trial for 30 days. See Zedner v. United States, 547 U.S. 489, 500-01 (2006). Counsel for the government does not oppose defendant's request for a continuance.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the

attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court has reviewed defendant's sealed motion and finds that it should be granted. Denying defendant's motion would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters. To the extent that defendant may be requesting a continuance in excess of 30 days, the Court does not find defendant has waived his right to a speedy trial for more than 30 days or that such a continuance would be reasonable under the circumstances.

**IT IS THEREFORE ORDERED** that defendant's sealed motion (Dkt. # 10) is **granted**. The pretrial set for April 6, 2012 and the jury trial set for April 16, 2012 are **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| **PT/CP/Motions Hearing:** | **May 9, 2012 at 10:00 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | May 14, 2012 |
| **Jury Trial:** | **May 21, 2012 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time between April 16, 2012 and May 21, 2012 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 30th day of March, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE